Dear Mr. Stanga:
This office is in receipt of your request for an opinion of the Attorney General in regard to three matters.
Your first request is relative to voting procedures where an error has occurred in the signing of the precinct register. You give as an example where John Doe signs the precinct register on the line reserved for Jane Doherty, and you state that you are unable to find any provision in the Louisiana Election Code for a proper remedy.
You also inquire about having been presented with a marriage certificate issued by a Justice of the Peace for a marriage that he performed wherein the couple that he married had previously obtained a marriage license through your office upon which the date on the license had expired prior to the couple actually being married.
While you state that the marriage would be considered legal under the jurisprudence, you question what disposition and recordation should be made pursuant to R.S. 9:244.
You further state that the Clerk of Court currently provides access to certain attorneys and abstractors that regularly deal with your office, but he does not allow access to the general public or to attorneys and abstractors that do not generally avail themselves of the Clerk's services.
In such a situation you ask whether the Clerk has any ability to restrict access to its records over the internet through the Clerk's website, and point out that the office has limited access in the past to allow the Clerk adequate time to delete social security numbers from all documents that will be accessed via the internet.
In response to your first question where a citizen has signed his name in the precinct register on the wrong line, we would conclude that as you suggest, the name can be circled with an arrow pointing to the proper place. This is consistent with the reasoning of the court in Adkins v. Huckabay, 749 So.2d 900. (La.App 1999).
In that case the court stated that the rule of substantial compliance rather than strict compliance is recognized, and a vote will not be set aside because of the failure of a ministerial officer to perform some duty imposed upon him by law. It was observed that in such a situation there was no suggestion of fraud nor was there an unqualified voter, and the court found while lax adherence to election laws is not to be condoned, it is more important that where there is no fraud, the irregularities noted will not result in denying the vote to any qualified voter or allow the vote to any unqualified voter.
In your second inquiry you indicate a Justice of the Peace performed a marriage pursuant to a marriage license that had expired prior to the couple actually being married, and you question what disposition and recordation should be made pursuant to R.S. 9:244.
We note in accordance with R.S. 9:241 an officiant may not perform a marriage ceremony until seventy-two hours have elapsed since the issuance of the marriage license. However, R.S. 9:242 provides that "judge or justice of the peace authorized to perform the marriage may waive the seventy-two hour delay upon application of the parties giving serious and meritorious reasons". However, R.S. 9:243 provides that an officiant, other than a judge, or justice of the peace who violates R.S. 9:241 may have his authority to perform marriage ceremonies revoked by the state registrar of vital records, not to exceed one year.
We would follow this reasoning and conclude any penalty would be upon the officiant who performed the marriage with an expired license and not the parties who were married.
We realize your request indicates the date of the issuance of the license was known and thereby created the problem of having expired prior to the marriage being performed, and R.S. 9:235
clearly provides that a license is valid only for thirty days from the date of issuance, and then states, "No officiant shall perform a marriage after the license has expired." This thereby clearly shows the officiant was at fault but we find the validity of the marriage should be recognized.
We note in McDonald v. Employers Mutual, 73 F.Supp 198, suit was filed over the estate of a deceased wherein a marriage license was regularly issued and a wedding ceremony performed by a regularly ordained minister. However, the parties to the marriage did not sign the return and instead of making a return of the license to the issuing authority as provided by law, the minister handed the license to the husband who gave it to a resident friend to keep for him, which he did.
The court found the marriage was valid notwithstanding that the return on the license was not signed by the parties and was not returned to the issuing authority, but kept by a private party in his safe for fourteen years. It was found that there was substantial compliance with the law of Louisiana and the marriage was good and valid.
Accordingly, we find the marriage in question should be recognized, and the recordation should be made in accordance with R.S. 9:252.
In your final question you point out that the Clerk of Court provides access to certain attorneys and abstractors that regularly deal with his office but does not allow access to the general public or attorneys and abstractors that do not generally use the services of the Clerk of Court. In this regard you ask whether the Clerk of Court has the ability to restrict access to its records over the internet through the Clerk's website, pointing out that the Clerk is allowed time to delete social security numbers from all documents that will be accessed via the internet.
In response to this question we note that in Atty. Gen. Op. 04-169 this office concluded that the Clerk of Court of Livingston Parish could enter into a cooperative endeavor with other clerks of court that would involve use of software that allows access to and the copy of court documents, but recognized there were three requirements that must be met: (1) the state or political subdivision must be authorized to spend the funds/ property at issue; (2) the agreement must benefit the public; and (3) the cost must be proportionate to the benefit.
This office then recognized that the Clerk of Court is the legal custodian of all court records, and must permit any person to examine any of these records. Since the Clerk of Court was charged with making the court records available to the public, this was found to be authority for the endeavor of having the software to allow the public access to court records via the internet.
However, inasmuch as court records must be available to the public, we do not find the access on the internet can be restricted to certain attorneys and abstractors if this is the only access the Clerk of Court of offering. He must allow access to the actual records.
We hope this sufficiently answers you questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 Charles C. Foti, Jr. ATTORNEY GENERAL
By: ___________________________
 BARBARA B. RUTLEDGE Assistant Attorney General
CCFJR./bbr
Per the attached:
This states on page 4 that I cite R.S. 9:236 for the proposition that performance of the marriage was a misdemeanor. I don't see R.S. 9:236 cited any place in the opinion.
I have also added to the comments that the clerk of court must allow inspection of the public records, and I know nothing of a subscription service.